UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HULSING ENTERPRISES, LLC, *et. al.*, | ) | CASE NO. 5:21-cv-01536 |
| | ) | |
| Plaintiff | ) | JUDGE DAVID A. RUIZ |
| Counterclaim Defendants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FAZIO MECHANICAL SERVICES, INC., | ) | |
| | ) | |
| Defendant/ | ) | |
| Counterclaim Plaintiff/ | ) | |
| Third-Party Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DJ3 DELAWARE LLC, *et al.*, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Third-Party Defendants. | ) | |

Before the Court are two motions *in limine*.

First, is a motion *in limine* by Plaintiff Hulsing Enterprises, LLC (Hulsing) seeking to preclude Defendant Fazio Mechanical Services, Inc. (Fazio) from presenting: (1) "testimony as to what contract terms are so common (industry standards and customs) as to be implied in the parties' agreements" (R. 93, Page ID#: 727); (2) "evidence of damages not properly disclosed or speculative" *Id.*, Page ID#: 729); (3) "testimony regarding contract formation by persons not involved" *Id.*, Page ID#: 730 and (4) parol evidence" *Id.*, Page ID#: 731. Defendant opposes the motion. R. 95. Plaintiff has replied. R. 96.  For the reasons that follow, the motion is DENIED.

1

Next, is a motion *in limine* by Defendant Fazio to exclude the testimony of Chris Hutnyak and Jerrel Ott. R. 101. Plaintiff Hulsing opposes the motion. R. 103. For the following reasons, the motion is GRANTED.

Applicable standard – motion *in limine*

A motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *United States v. Luce*, 469 U.S. 38, 40 n.2 (1984). Unlike a motion for summary judgment which is designed to eliminate a trial in cases where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law, a motion *in limine* is designed to narrow the evidentiary issues for trial. *Louzon v. Ford Motor Co.,* 718 F.3d 556, 561 (6th Cir. 2013) (citation omitted). In that regard, motions *in limine* are used to "eliminat[e] evidence that is clearly inadmissible for any purpose." *Indiana Ins. Co. v. General Electric Co*., 326 F.Supp.2d 844, 846 (N.D. Ohio 2004) (citation omitted). Indeed, motions *in limine* should only be granted "when evidence is clearly inadmissible on all potential grounds." *Id*. (citing *Luce*, 469 U.S. at 463 n.4). Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context. *Indiana Ins*., 326 F.Supp. 2d at 846.

Denial of a motion *in limine* does not mean that all evidence contemplated by the motion will be admitted at trial. *Id*. Rather, denial means that without the context of a trial the court cannot determine if the evidence should be excluded. *Id*. It must also be noted that even if nothing unexpected happens at trial, the court may, in the exercise of its sound discretion, alter a

2

previous ruling on a motion *in limine*. *Id*. (citation omitted).

<u>Contract terms and industry standards</u>

The first issue specifically raised by Hulsing is that to the extent that the contract here contains terms that should be interpreted in accordance with industry standards, and that such standard interpretation be implied as part of the parties' agreement, then any testimony to that effect must be given by a recognized and qualified industry expert, which, Plaintiff contends, Defendant has not offered. R. 93, Page ID#: 727-28. Thus, because an expert is required here and because no defense expert has been identified, Plaintiff asserts that it is now too late to produce an expert and so any testimony from a non-expert on this topic should be precluded. *Id*.

Defendant, for its part, contends initially that it does not intend to offer expert testimony on this topic, thereby rendering Plaintiff's motion irrelevant in that regard. R. 95, Page ID#: 742. Further, it asserts that to the extent that it will offer testimony as to "pertinent industry standards" present in construction contracts, it would not need an expert for such testimony but could offer lay opinion testimony. *Id*. To that point, it argues that testimony from witnesses gained through "their employment and involvement in the day-to-day affairs of Fazio's business," or, in other words, in "Fazio's performance of construction contracts," would be permissible. *Id*.

As is more thoroughly discussed in the separate order dealing with Fazio's motion *in limine* concerning testimony from Hulsing's proposed expert witness, Henry Krugler, Rule 701 of the Federal Rules of Evidence does permit lay testimony in the form of an opinion when: (a) that testimony is rationally based on the witness's perception; (b) the testimony would be

3

helpful to determining a fact at issue or to clearly understanding the witness's testimony and (c) the testimony is not based on scientific, technical or other specialized knowledge within the scope of Rule 702. To that end, all three requirements of Rule 701 must be satisfied by the party seeking to introduce such testimony. *Allied Erecting and Dismantling Co., Inc. v. United States Steel Corporation*, 2023 WL 53222113, at *6 (6th Cir. Aug. 18, 2023) (citation omitted).

Thus, a witness who works in a business may offer lay opinion testimony based upon his or her "particularized knowledge …[gained] by virtue of his or her position in the business." *United States v. Whatley*, 860 F.Supp.2d 584, 594-95 (E.D. Tenn. March 12, 2012). In that regard, an employee of a business may offer a lay opinion regarding "the course of conduct of a business if that opinion is based on a particularized knowledge gained as a result of employment in that business." *Id.*, at 589.

More specifically, the Sixth Circuit in *United States v. White*, 492 F.3d 380 (6th Cir. 2007) found that a lay person could offer lay opinion testimony reflecting his or her personal knowledge of standards applied in the particular business entity with which the witness is involved but could not offer an opinion as to standards applicable to the industry as a whole. *Id.*, at 340. In *United States v. Kerley*, 784 F.3d 327 (6th Cir. 2015), a case cited here by each side, the Sixth Circuit, after analyzing Rule 701 of the Federal Rules of Evidence, permitted lay representatives of two lenders in a bank fraud case to testify as to the loan underwriting standards at each institution with which each witness was personally familiar, but did not permit these witnesses to "opine about generally applicable standards in the mortgage lending industry [as a whole]," since that would involve "specialized or technical knowledge [reserved to an expert] under Rule 702." *Id.*, at 340.

4

Here, as both parties agree, Defendant Fazio cannot offer expert testimony as to generally applicable standards within the construction industry as a whole since it has not designated any such expert during discovery, as required. Thus, to the extent that Plaintiff's motion seeks to exclude any such testimony from an expert witness who has not been identified by Defendant, the motion could be viewed as well-taken. However, the fact is that Defendant has expressly disclaimed any intent of using such a witness at trial, the motion must be DENIED in this regard as premature and more properly brought in the context of Defendant actually seeking to introduce such an expert witness at trial. *See Indiana Ins. Co*. at 486. Moreover, to the extent that lay opinion testimony can be offered as outlined above, that element of the current motion must be DENIED since such lay opinion evidence, properly supported, is not "clearly inadmissible on all potential grounds." *Id*; *see also, Fourteen Partners, Inc. v. Assa Abloy Accessories and FDorr Controls Group. Inc*., 2024 WL 4575582, at *3 (W.D. Tenn. Sept. 12, 2024) (citation omitted).

<u>Undisclosed or speculative damages</u>

Next, Plaintiff seeks "an order precluding Defendant from introducing any evidence of damages that were not properly disclosed during discovery or that are speculative or conjectural." R. 93, Page ID#:729. Specifically, Plaintiff cites that Defendant failed to disclose a computation of attorneys' fees or for damages related to fraudulent misrepresentation, fraudulent concealment and civil conspiracy. *Id.* Further Plaintiff argues that any damages for lost profits are speculative and are unsupported by projections and assumptions about Defendant's future business disclosed during discovery. *Id.*

Defendant counters first that any motion to bar evidence related to attorneys' fees is premature and not a proper subject for a motion *in limine*. R. 95, Page ID#: 743. It notes initially that Plaintiff has not cited any discovery request pertaining to attorneys' fees that Defendant has failed to answer. *Id.* It further observes that evidence regarding attorneys' fees is only known at the conclusion of the litigation. *Id*.

Courts uniformly have denied motions *in limine* as to attorneys' fees for the reason that "motions for attorneys' fees, when appropriate, follow trial." *Yoder & Frey Auctioneers, Inc. v. EquipmentFacts, LLC,* 2013 WL 4498671, at *4 (N.D. Ohio Aug. 22, 2013); *see also, Harden v. Autovest, L.L.C.*, 2016 WL 6997905, at * 3 (W.D. Mich. Nov. 30, 2016) ("Because the amount of attorneys' fees and costs will not be presented to the jury, and is not an issue for trial, the Court will defer a ruling on this issue [as presented as a motion *in limine*].").

Moreover, Plaintiff here seeks an order *in limine* prohibiting the introduction of evidence for "lost profits" based on allegedly speculative deposition testimony by Ross Fazio, a corporate officer of Defendant, who testified at his deposition that Defendant could have undertaken work for other clients were it not occupied on the project with the Plaintiff. *See,* R. 93, Page ID#: 730 (quoting deposition). Defendant for its part asserts that this aspect of the motion *in limine* is "irrelevant" because it has not claimed such an element of damages. R. 95, Page ID#: 744.

As noted above, the issue as to any motion *in limine* is whether the evidence in question would be inadmissible on all potential grounds. *See*, *Indiana Ins. Co*., 326 F. Supp. 2d at 846. Here, Hulsing merely asserts without citation to authority that Fazio could not recover damages

6

from work not undertaken because such damages were "undisclosed or speculative." R. 93, Page ID#: 730. However, leaving aside the question of prior disclosure in light of Fazio's statement that it does not claim and has never claimed such damages, it must be noted that Ohio law does not foreclose as a matter of law damages based on work not undertaken because of a breached contract. *See Yagour Group LLC v. Ciptak*, 233 N.E. 3d 840, 854 (Ohio Appeals 8th Dist. 2024).

Accordingly, this element of Plaintiff's motion *in limine* is DENIED.

Contract formation

Here, Plaintiff seeks to preclude testimony from Ross Fazio, Donal Hollinger, Louis Falcone, Jr. "and any other person lacking personal knowledge, from testifying or otherwise introducing evidence regarding the formation of the contracts at issue." R. 93, Page ID#: 730. Defendant responds that the exclusion of testimony prior to trial based on speculation that the testimony will lack a proper foundation "is premature at best and is ultimately an issue for objection at trial." R. 95, Page ID#: 745.

As noted earlier, a motion *in limine* is properly denied or deferred when questions of relevance, foundation or potential prejudice are better considered in the context of trial. *See, Indiana Ins. Co.*, 326 F. Supp. 2d at 846. Here, as Defendant observes, the witnesses named by Plaintiff may well have relevant, first-hand, admissible evidence pertaining to the formation of the contracts at issue. As such, their testimony cannot now be entirely foreclosed. Rather, only when they do testify at trial can any testimony be properly evaluated when and if objection is made. Similarly, a motion *in limine* cannot be directed against unknown testimony by unknown

7

witnesses. *See, Starling v. Union Pacific Railroad Co.*, 203 F.R.D. 468. 483 (D. Kansas Sept. 13, 2001) ("As far as unnamed witnesses are concerned, without knowing who they are or what their testimony might be, … the plaintiff has chosen to leave the court in the dark. Thus, in those respects, plaintiff's motion [*in limine*] must be denied, at least for now.").

Accordingly, this aspect of the motion *in limine* is DENIED.

Parol evidence

Plaintiff's final element of the motion *in limine* seeks to exclude all "prior or contemporaneous oral or written agreements that contradict the terms of the written renovation contracts which form the center of the dispute at issue in this case." R. 93, Page ID#: 731. Defendant replies that the very nature of the time and materials agreement here contemplates that there will be additional information exchanged between the parties to determine the full extent of the work to be done and the cost involved. R. 95, Page ID#: 746.

It is well-settled that motions *in limine* "are never intended to be used to prevent the opposing party from presenting their case …." *Weidenbach v. Casper-Natrona County Health Dept.,* 2021 WL 7287022, at *4 (D. Wyoming June 17, 2021). Here, the very nature of Defendant's case, as it stated, is that the parties created a time and materials contract that contemplated ongoing interactions between them as to the extent of the work and the cost involved. As the *Weidenbach* court observed, "[t]he jury will decide whether the evidence sufficiently supports the claims and/or defenses of each party. The Court will not try the matter through motions *in limine*." *Id*.

8

Accordingly, this element of the motion *in limine* is DENIED.

<u>Testimony by witnesses Hutnyak and Ott</u>

In the motion, Defendant argues that neither witness was disclosed during discovery, and both were only revealed as potential witnesses in Plaintiff's revised trial brief (R. 100) filed just before the final pretrial conference. R. 101, Page ID#: 1065. Further, Defendant asserts that both individuals were never employed by Plaintiff and can only offer irrelevant testimony concerning different stores and projects or are being offered as untimely and unqualified expert witnesses. *Id*., Page ID#: 1066.

Plaintiff agrees that the witnesses are "new to the case," but argues that they "personally preformed the same work at other Earth Fare stores that Fazio did at the Ohio locations, and their testimonies are relevant in calculating the reasonable value of Fazio's services." R. 13, Page ID#: 1075-76.

The Sixth Circuit in *RJ Control Consultants, Inc. v. Multiject, LLC*, 100 F.4th 659, 668 (6th Cir. 2024), a case cited here by each party, acknowledges that a court may permit the testimony of late-designated witnesses where the non-disclosure was justified or harmless. In making that decision, the reviewing court usually considers five factors: (1) surprise to the party against whom the evidence is to be offered; (2) the ability of the party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for failure to disclose the evidence. *Id*., at 668-669 (citations omitted). The court has "broad discretion" in applying these factors and need not apply each one rigidly. *Id.*, at 669 (citations omitted).

Without reaching the other factors set forth above, it is apparent that neither witness here can offer relevant testimony that would be useful to the jury. As has been made clear throughout these proceedings, the projects here involved multiple, ongoing changes to the scope and nature of the work being done, as well as disputes over how and by whom changes were authorized. Thus, there is no reasonable basis to conclude that testimony growing out of wholly different projects, performed at unspecified times at entirely different locations that do not involve, for example, the same buildings, conditions, equipment, contracts, personnel, or entities can offer any important relevant evidence to the issue in this case. Plaintiff has not suggested that either proffered witness is personally familiar with the stores at issue here or has personal knowledge about the construction projects at issue in this case. Rather, allowing them to testimony would unnecessarily delay this trial and create the high likelihood of confusion for the jury, which would be ever present and difficult to ameliorate.

Accordingly, for the reasons stated, Defendant's motion *in limine* (R. 101) to exclude the testimony of witnesses Chris Hutnyak and Jerrel Ott is GRANTED.

## Conclusion

Plaintiff's motion *in limine* (R. 93) is DENIED and Defendant's motion *in limine* (R. 101) is GRANTED.

IT IS SO ORDERED.

Dated: October 19, 2025         s/ *David A. Ruiz*
       David A. Ruiz
       United States District Judge