IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HULSING ENTERPRISES, LLC, *et. al.*, | ) | CASE NO. 5:21-cv-01536 |
| | ) | |
| Plaintiff | ) | JUDGE DAVID A. RUIZ |
| Counterclaim Defendants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FAZIO MECHANICAL SERVICES, INC., | ) | |
| | ) | |
| Defendant/ | ) | |
| Counterclaim Plaintiff/ | ) | |
| Third-Party Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DJ3 DELAWARE LLC, *et al.*, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Third-Party Defendants. | ) | |

**INTRODUCTION**

Now pending is Defendant Fazio Mechanical Services, Inc.'s ("Fazio") Motion to Strike (R. 112) Plaintiffs Hulsing Enterprises, LLC ("Hulsing") and Earth Fare Management, Inc. ("Earth Fare") (collectively, "Plaintiffs") Supplementation to Henry Kugler's Expert Report, filed May 27, 2025. Defendant makes its motion pursuant to Rules 26 and 37. Plaintiff submitted notice of this supplement (R. 111) on May 7, 2025, following a *Daubert* hearing regarding the expert qualifications of Earth Fare's Chief Operating Officer, Henry Kugler on March 5, 2025 (R. 105). On June 9, 2025, Plaintiff filed a Response (R. 113) to Defendant's Motion to Strike.

For the following reasons, Defendant's Motion is DENIED.

## DISCUSSION

**Motion in Limine Standard**

Motions *in limine*, while not explicitly authorized by the Federal Rules of Evidence, have developed from "the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469, U.S. 38, 41 n. 4 (1984); *see generally* Fed. Rule Evid. 103(c). They are used to "ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (quoting *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F.Supp. 1398, 1400–01 (N.D. Ill. 1993); *Jonasson v. Lutheran Child and Family Serv.*, 115 F.3d 436, 440 (7th Cir. 1997)). Courts may only exclude evidence *in limine* when it is "clearly inadmissible on all potential grounds." *Indiana Ins. Co.*, 326 F. Supp. 2d at 846 (quoting *Hawthorne Partners*, 831 F.Supp. at 1400–01; *Luce*, 469 U.S. at 41 n. 4). If evidence does not rise to this high level of inadmissibility, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.*; *FUEL Outdoor of Toledo, LLC v. City of Toledo*, No. 3:23-CV-1641, 2024 WL 4910450, at *1 (N.D. Ohio Nov. 1, 2024).

The Court notes that Defendant's Motion *in limine* (R. 97) dealing with the admission of Kugler's testimony is addressed separately. The Court is mindful that "[d]enial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Indiana Ins. Co.*, 326 F. Supp. 2d at 846. A denying court will still entertain objections at trial, even ones that would have fallen under the scope of a denied motion *in limine*. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989)

(citing *Luce*, 469 U.S. at 41). Thus, nothing in this Order should be construed as a ruling on the ultimate admissibility of the challenged expert testimony or supplementation, which remain subject to the Court's consideration.

***Daubert* Standard**

Federal Rule of Evidence 702 requires that judges ensure that any scientific testimony admitted into evidence is relevant and reliable. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). This is a gatekeeping function intended to ensure that expert testimony admitted at trial is reliable and relevant. *Daubert*, 509 U.S. at 597. In performing this function, the Court must consider whether the expert's methodology is grounded in the methods and procedures of science and based on more than subjective belief or speculation. *Daubert*, 509 U.S. at 589–90. The Court should also assess whether the expert's testimony will assist the trier of fact by having a valid scientific connection to the pertinent inquiry. *Id.* at 591–92.

Importantly, "[a] district court should not make a *Daubert* ruling prematurely but should only do so when the record is complete enough to measure the proffered testimony against the proper standards of reliability and relevance." *Jahn v. Equine Servs., PSC*, 233 F.3d 382, 393 (6th Cir. 2000). The Court therefore retains discretion to defer ruling on the admissibility of expert testimony until the context of trial provides an adequate foundation for such determination.

**Motion to Strike Standard**

The Sixth Circuit understands that a motion to strike only applies to material that is contained in the pleadings. *Fox v. Mich. State Police Dep't*, 173 Fed. App'x. 372, 375

(6th Cir. 2006); *see also* Fed. R. Civ. P. 12(f) ("the court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter") (emphasis added). Expert testimony is not a pleading, nor is an affidavit or supplementation related to it. *See also Bierman v. Affinity Physician Network LLC*, 2023 U.S. Dist. LEXIS 105562, at *2–4 (N.D. Ohio June 16, 2023); *Crouch v. Honeywell Int'l Inc.*, 2015 WL 13547448, at *3–5 (W.D. Ky. Nov. 18, 2015). Even when properly made to strike pleadings, Rule 12(f) motions are "viewed with disfavor and are not frequently granted." *ACT, Inc. v. Worldwide Interactive Network, Inc.*, 46 F.4th 489, 499 (6th Cir. 2022) (quoting *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015)).

Nonetheless, this Court may construe Defendant's Motion to Strike as an objection to Plaintiff's supplement under Rules 26 and 37. (R. 112 Page ID#: 1488); *Bierman*, 2023 U.S. Dist. LEXIS 105562, at *2–4 (applying Rule 56 standards to an improper motion to strike at the summary judgment stage); *see also Gentzler v. Hamilton Cty., Tennessee*, No. 1:15-CV-295, 2017 WL 10403276, at *2 n.2 (E.D. Tenn. Sept. 20, 2017) (denying Defendant's motion to strike affidavits and instead construing the motion as an objection to such affidavits).

Here, both parties contest whether Plaintiffs' supplemental expert report violates the seasonable disclosure requirements of Federal Rule of Civil Procedure 26(e), and whether any resulting failure was "substantially justified or is harmless" under Rule 37(c)(1). *See Pride v. BIC Corp.*, 218 F.3d 566, 579 (6th Cir. 2000); *Balimunkwe v. Bank of Am., N.A.*, 2016 U.S. Dist. LEXIS 981, at *13–17 (S.D. Ohio Jan. 6, 2016)*; Johnson v. Nat'l Health Ins. Co.*, 2023 U.S. Dist. LEXIS 231156, at *4 (N.D. Ohio Dec. 29, 2023)

(Defendant's citations); *see also Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 77 (W.D.N.Y. 2011); *Voegeli v. Lewis*, 568 F.2d 89, 96 (8th Cir. 1977) (Plaintiff's citations).

Ultimately, this is beside the point. "A motion to strike is not the proper vehicle to resolve this issue." *Crouch v. Honeywell Intl. Inc.*, 2015 WL 13547448, at *3 (W.D. Ky. Nov. 19, 2015). Mr. Kugler's testimony at trial, whether as an expert or otherwise, can be tested through cross-examination. *Id.* at *3 (citing *Von Wiegen v. Shelter Mut. Ins. Co.*, No. 5:13-040, 2013 WL 6632020, at *4 (E.D. Ky. Dec. 17, 2013) ("If an expert witness testified differently than his or her deposition, this would be a proper matter for cross-examination, not necessarily exclusion of the testimony."))

As motions to strike are disfavored, and with other proper avenues already available to address any purported issues with Mr. Kugler's testimony, the Court finds no compelling reason to grant Defendant's Motion to Strike.

## CONCLUSION

Defendant's Motion to Strike (R. 112) is DENIED for the foregoing reasons.

IT IS SO ORDERED.

Date: October 19, 2025

/s/*David A. Ruiz*
David A. Ruiz
United States District Judge